UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

JOHN DETTELIS,

                Plaintiff,

v.

                Case # 17-CV-407-FPG

                DECISION AND ORDER

GERALD ZIMMERMAN, et al.,

                Defendants.

**INTRODUCTION**

Plaintiff John Dettelis brings this civil rights action pursuant to 42 U.S.C. § 1983 against Cattaraugus County Department of Probation Director Gerald Zimmerman, Probation Supervisor Michael Sharbaugh, and Probation Officer Denise Lengvarsky ("Defendants"), alleging that Defendants maliciously prosecuted him for violating the terms of his probation. Defendants have moved to dismiss Plaintiff's suit. For the reasons stated below, Defendants' Motion to Dismiss is GRANTED.

**BACKGROUND[1]**

On July 16, 2011, Plaintiff was on probation in Cattaraugus County for a DWI conviction when District Attorney Lori Rieman charged him with third degree assault. Under New York's speedy trial law,[2] the District Attorney's office had to be ready for trial by October 17, 2011, at the latest. The District Attorney's office was not ready by then and did not try its case in Yorkshire Town Court until May 8, 2012, in clear violation of the speedy trial law. Plaintiff was convicted

---

[1] The following allegations are taken from Plaintiff's Complaint, ECF No. 1, unless otherwise noted.
[2] N.Y. Crim. Proc. Law § 30.30(1)(B) (McKinney 2017).

1

and sentenced to six months in jail, but was released on October 30, 2012, pending the resolution of his appeal to Cattaraugus County Court.

On November 6, 2012, Plaintiff went to the Yorkshire courthouse demanding records of a past case, but he had to leave when he became "loud and unruly." ECF No. 1-5 at 2. A police officer came to Plaintiff's home to ask about the altercation and advised him not to return to the courthouse for the records. The police officer then accompanied Plaintiff and his wife back to the courthouse to "facilitate their ability to vote because it was election day." ECF No. 1-7 at 1-2. The terms of Plaintiff's probation required him to notify the Probation Department if he was "arrested or questioned by law enforcement officials," but Plaintiff did not think this interaction with a police officer amounted to "questioning." *Id.* at 2. Nonetheless, Plaintiff claims he reported this incident to his probation officer, which Defendants deny.

According to Plaintiff, near the end of 2013, District Attorney Rieman began to worry that Plaintiff would win his assault appeal. She enlisted Defendants, who were "friends with" individuals in the District Attorney's office, to "manufacture" a violation of probation report (VOP) based on the November 2012 courthouse incident and "backdate it so that it appeared that" they had written the report right after the incident. Plaintiff believes that Defendants did not initially write a VOP in November 2012, right after the incident, because they knew that his conduct did not violate the terms of his probation. But because Defendants were upset that Plaintiff's assault conviction was likely going to be vacated and he would not face jail time for it, they were desperate to "imprison Plaintiff by any means possible" and wrote the backdated VOP in 2013.

On December 30, 2013, Cattaraugus County Court vacated Plaintiff's assault conviction and dismissed all charges against him based on the speedy trial issue. But the next month, the

court found Plaintiff guilty of violating his probation by failing to report his November 2012 police contact to his probation officer and sentenced him to 90 days in jail. However, on March 25, 2016, the Fourth Department overturned the lower court's decision, finding that "the interaction between [Plaintiff] and police officer" did not amount to "defendant being 'questioned,' which would have triggered his obligation to notify a probation officer." ECF No. 1-7 at 2.

## DISCUSSION

### I. Legal Standard

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides that a party may move to dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In reviewing a motion to dismiss, a court "must accept as true all of the factual allegations contained in the complaint," *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 572 (2007), and "draw all reasonable inferences in Plaintiff's favor." *Faber v. Metro. Life Ins. Co.*, 648 F.3d 98, 104 (2d Cir. 2011). To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. These factual allegations "must be enough to raise a right to relief above the speculative level," *Id.* at 545, and "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

### II. Malicious Prosecution

To prevail in his § 1983 malicious prosecution claim, Plaintiff must prove "(1) the initiation or continuation of a criminal proceeding" against him; "(2) termination of the proceeding in [his favor]; (3) lack of probable cause for commencing the proceeding; and (4) actual malice as a motivation for [Defendants'] actions." *Murphy v. Lynn*, 118 F.3d 938, 947 (2d Cir. 1997). Plaintiff

has satisfied the first two elements of his claim, but he has not adequately alleged actual malice or lack of probable cause.

### A. Probable Cause

The "existence of probable cause is a complete defense to a claim of malicious prosecution in New York." *Savino v. City of N.Y.*, 331 F.3d 63, 72 (2d Cir. 2003). In the context of probation violations, probable or "reasonable" cause is the "existence of evidence or information, which appears reliable, disclosing facts or circumstances that a person has violated a condition of probation and such evidence or information is substantial enough to convince a person of ordinary intelligence, judgment and experience that it is likely that such condition was violated and that such person violated it." 9 NYCRR § 352.1. A "conviction establishes the existence of probable cause which, even when the conviction is reversed on appeal, becomes a rebuttable presumption." *Mitchell v. Victoria Home*, 434 F. Supp. 2d 219, 228 (S.D.N.Y. 1993). A plaintiff can rebut this presumption only by "showing that the conviction itself was a result of fraud, perjury, or other unethical acts on the part of the defendant which affected the integrity of the prosecution." *Id.*

Defendants had probable cause to file a VOP based on the November 2012 incident. The terms of Plaintiff's probation required him to notify his probation officer, Defendant Lengvarsky, of police questioning. Police questioned Plaintiff after his altercation at the courthouse, so it was reasonable for Defendants to determine that Plaintiff violated a condition of his probation. The Cattaraugus County Court supports this conclusion because it also determined that Plaintiff had violated probation. Furthermore, the court's decision was akin to a criminal conviction, and thus created a rebuttable presumption that Defendants had probable cause to file a VOP against Plaintiff. That the Fourth Department reversed the trial court's judgment on appeal does not rebut the presumption that Defendants' VOP was supported by probable cause, unless Plaintiff shows

that the lower court decision was a result of Defendants' perjury, fraud, or other unethical acts.

Plaintiff claims that he notified Defendant Lengvarsky about his November 2012 police contact and implies that her sworn statement to the contrary was perjurious. But the Fourth Department decision, which Plaintiff attached[3] to his Complaint, explicitly defers "to the [trial] court's determination crediting the testimony of the defendant's probation officer that defendant did not notify the probation department about his contacts with the police officer." ECF No. 1-7 at 2. This Court "need not accept as true" Plaintiff's claim that he notified Defendant Lengvarsky about police contact when that claim is contradicted by the very documents referenced in his Complaint. *Olin Corp v. E.I. Dupont de Nemours & Corp.,* No. 05-CV-100S (SC), 2006 WL 839415, at *1 (W.D.N.Y. Mar. 27, 2006) ("If the documents referenced in the complaint contradict the facts alleged by the plaintiff, the documents control and the court need not accept as true the plaintiff's allegations.").

Furthermore, the issue of whether Plaintiff notified Defendant Lengvarsky about police contact is precluded from re-litigation because issues "actually litigated in a state court proceeding are entitled to the same preclusive effect in a subsequent federal § 1983 suit as they would enjoy in the courts of the state where the judgment was rendered." *Caridi v. Forte*, 967 F. Supp. 97, 100 (S.D.N.Y. 1997) (citing *Migra v. Warren City Sch. Dist. Bd. of Educ.,* 465 U.S. 75, 83 (1984)). In New York, "a party is collaterally estopped from relitigating an issue in a second proceeding if the issues in both proceedings are identical, and the facts were necessarily litigated in the prior proceeding upon a full and fair hearing." *Id.* Because Plaintiff received a full and fair hearing before the Cattaraugus County Court, which necessarily determined that Plaintiff had not informed Defendant Lengvarsky about his police contact, he cannot continue to claim that he informed her

---

[3] The Court may consider the complaint and attachments to it when resolving a motion to dismiss. *Int'l Audiotext Network, Inc. v. Am. Tel. & Tel. Co.,* 62 F.3d 69, 72 (2d Cir. 1991).

5

of his police contact. Plaintiff has thus failed to allege that Defendants acted perjuriously or unethically, and, consequently, has failed to rebut the presumption that Defendants acted with probable cause.

### B. Actual Malice

A defendant acts with actual malice when he is guided by "a wrong or improper motive, something other than a desire to see the ends of justice served." *Nardelli v. Stamberg*, 377 N.E.2d 975, 976 (N.Y. 1978). "Conclusory or speculative allegations are insufficient: plaintiff must *specifically* allege that the named defendants acted with malice." *Nieves v. Cty. of Monroe*, 761 F. Supp. 2d 48, 52-53 (W.D.N.Y. 2011). Plaintiff fails to do so here—his Complaint is rife with boilerplate references to "malice," but it is devoid of factual allegations indicating that Defendants acted for improper reasons. Plaintiff points to no evidence[4] supporting his theory that Defendants were friendly with the District Attorney's office, that they wanted an excuse to imprison Plaintiff, or that they conspired with Rieman to backdate the VOP. If anything, Plaintiff's Complaint rebuts his theory, because the attached VOP clearly indicates that it was signed, dated, and notarized in November 2012. ECF No. 1-5 at 2. Once again, the documents Plaintiff referenced in his Complaint negate his contradictory allegations. *See Olin*, 2006 WL 839415, at *1.

Plaintiff directs most of his allegations concerning malice not to the named Defendants, but to individuals in the District Attorney's office. Plaintiff's Complaint admits that he is suing Defendants because he lost his lawsuit against his primary targets, individuals from the District Attorney's office who are absolutely immune from civil liability. ECF No. 1 at 18. His Complaint reads as a thinly-veiled attempt to re-litigate his previous suit, this time against defendants who

---

[4] Malice can also be inferred from a lack of probable cause, *Boyd v. City of New York*, 336 F.3d 72, 78 (2d Cir. 2003), but, as discussed in the previous section, Defendants had probable cause to file a VOP against Plaintiff.

may not be protected by immunity.[5]  This attempt fails because Plaintiff has inadequately alleged Defendants' malicious intent.

## CONCLUSION

For the reasons stated above, Defendant's Motion to Dismiss, ECF No. 8, is GRANTED, and this case is DISMISSED.  The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated: November 29, 2017
       Rochester, New York

                                        HON. FRANK P. GERACI, JR.
                                        Chief Judge
                                        United States District Court

---

[5] Defendants argue that they are entitled to absolute, or, in the alternative, qualified immunity from civil liability. There is not clear case law in the Second Circuit or elsewhere holding that probation officers are entitled to absolute immunity, and it is not clear from the record if Defendants had the level of discretion necessary to be qualifiedly immune from liability.  The Court therefore declines to further analyze the immunity issue, particularly as it is not dispositive.