UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

JOHN DETTELIS,

                Plaintiff,

v.

GERALD ZIMMERMAN, et al.,

                Defendants.

Case # 17-CV-407-FPG

DECISION AND ORDER

## INTRODUCTION

On May 12, 2017, Plaintiff John Dettelis brought this civil rights action pursuant to 42 U.S.C. § 1983 against Cattaraugus County Department of Probation Director Gerald Zimmerman, Probation Supervisor Michael Sharbaugh, and Probation Officer Denise Lengvarsky ("Defendants"), alleging that Defendants maliciously prosecuted him for violating the terms of his probation. ECF No. 1. On July 7, 2017, Defendants moved to dismiss Plaintiff's suit. ECF No. 8. On November 29, 2017, the Court granted Defendant's Motion to Dismiss. ECF No. 11. On December 14, 2017, Defendant moved to recover attorney's fees pursuant to 42 U.S.C. § 1988(b). ECF No. 13. For the reasons stated below, Defendant's Motion for Attorney's Fees is DENIED.

## BACKGROUND[1]

Although the Court assumes the parties' familiarity with the facts and history of this case, a brief summary follows. While Plaintiff was on probation following an assault conviction in a town court in Cattaraugus County, he interacted with a police officer but did not report the interaction to his probation officer. Plaintiff's probation officer believed he violated a term of his

---

[1] The following facts are taken from this Court's previous order, ECF No. 12.

1

probation that required him to report all police questioning, and the probation officer wrote a violation of probation ("VOP") report for which Plaintiff was convicted in Cattaraugus County Court. Ultimately, Plaintiff's assault and violation of probation convictions were overturned in court. Plaintiff sued his probation officers and a state prosecutor under 42 U.S.C. § 1983, arguing that they maliciously prosecuted him by conspiring to manufacture a meritless VOP report because they were desperate to "imprison Plaintiff by any means possible." ECF No. 1 at 14. The Court determined that Defendants had probable cause to file a VOP against Plaintiff and that Plaintiff had not set forth factual allegations to support his conspiracy theory. *See* ECF No. 11 at 3-7. Accordingly, the Court dismissed his claim and closed this case. *Id.* at 7.

## DISCUSSION

Defendants have asked the Court to award them attorney's fees under 42 U.S.C. § 1988(b), which provides that "the court, in its discretion, may allow the prevailing party . . . reasonable attorney's fee[s] as part of the costs." A prevailing defendant may recover attorney's fees if the underlying action was "frivolous, unreasonable, or groundless, or . . . the plaintiff continued to litigate after it clearly became so." *Davidson v. Keenan*, 740 F.2d 129, 132 (2d Cir. 1984). At the same time, the Supreme Court has instructed district courts to "resist the understandable temptation to engage in post hoc reasoning by concluding that, because a plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation," *Christianburg Garment Co. v. EEOC*, 434 U.S. 412, 422 (1978), and the Second Circuit has cautioned that district courts' potential hindsight bias may have a "potential chilling effect on section 1983 plaintiffs—who are the chosen instrument of Congress to vindicate a policy of the highest national priority." *Rouseville v. Zahl*, 13 F.3d 625, 632 (2d Cir. 1994). Accordingly, the Circuit is "hesitant to award attorney's fees to victorious defendants in section 1983 actions." *Id.*

2

With the Supreme Court and the Second Circuit's admonitions in mind, this Court does not believe that Plaintiff's action was frivolous, unreasonable, or groundless. While the allegations in Plaintiff's Complaint did not raise his right to relief above the speculative level and thus could not withstand Defendants' Motion to Dismiss, *see Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 545 (2007), it does not follow that Plaintiff's case was entirely groundless or unreasonable. Plaintiff had twice been accused and convicted of unlawful conduct in Cattaraugus County, only to have both of those convictions overturned, so it was not unreasonable for him to suspect that Cattaraugus County officials were targeting him with baseless accusations. Moreover, because Plaintiff served jail time for both overturned convictions, it is reasonable that Plaintiff sought to vindicate his rights by suing Defendants. Plaintiff's Complaint lacked well-pleaded factual allegations, but the Court can discern a reasonable basis for his suit, at least enough to dissuade it from awarding attorney's fees to Defendants. Accordingly, Defendants' Motion for Attorney's Fees is DENIED.

## CONCLUSION

For the reasons stated above, Defendants' Motion for Attorney's Fees (ECF No. 13) is DENIED.

IT IS SO ORDERED.

Dated: June 12, 2018
      Rochester, New York

_____
HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court